ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 MAY -9 PM 12:29

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| GWENDOLYN D. BIGELOW (BURCH), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-035 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 25). In her objections, Plaintiff reiterates her argument that the Administrative Law Judge's ("ALJ") finding concerning medical improvement as of September 3, 2002, was not supported by substantial evidence. (Id. at 4.) In particular, Plaintiff argues that, contrary to the Magistrate Judge's findings in the R&R, the ALJ failed to show good cause as to why he did not assign great weight to the opinion of David M. Hunter, M.D., and that he additionally failed to make a determination of the weight that he *did* give to that opinion. (Id. at 3.)

In the R&R, the Magistrate Judge found that the ALJ's determination that there was medical improvement in Plaintiff's condition such that she was no longer disabled as of September 3, 2002, was supported by substantial evidence. (Doc. no. 23, p. 16.) The Magistrate Judge noted that the ALJ, in arriving at his decision, addressed Plaintiff's medical

history and her appointments with various doctors, including Dr. Hunter, in considerable detail. (Id. at 9, 14.) As to Dr. Hunter, the Magistrate Judge noted the ALJ's finding that, although Plaintiff had scheduled manipulation procedures with Dr. Hunter on at least three different occasions, Plaintiff then postponed or canceled each appointment and had yet to have the procedure performed as of the date of the ALJ's decision. (Id. at 14.) Thus, the Magistrate Judge found that, to the extent Plaintiff argued that certain weight should have been given to Dr. Hunter's "recommendation" due to his role as a treating orthopedist – which was not clear from Plaintiff's original briefing, wherein Plaintiff made no such explicit argument – the ALJ had shown good cause as to why he did not afford great weight to that recommendation. (Id.) As noted above, Plaintiff now argues that the ALJ did not, in fact, show good cause as to his decision to afford little weight to Dr. Hunter's recommendation, and did not make a determination as to what weight he would afford to it. (Doc. no. 25, p. 3.) In particular, Plaintiff argues that her failure to follow through on her appointments for manipulation procedures constituted an improper basis for the ALJ's alleged decision to disregard Dr. Hunter's reports. (Id.)

Critically, a review of the medical records in this case clearly indicates that Dr. Hunter did not ever opine that Plaintiff "needed" manipulation under anesthesia, as Plaintiff professes. Rather, Dr. Hunter simply agreed – on a number of occasions, due to Plaintiff's repeated cancellations – to schedule the procedure in response to Plaintiff's complaints of pain and overt requests for manipulation. See Tr. ("R."), pp. 218-22, 321-23. Plaintiff suggests that, because a "cardiologist's opinion that bypass surgery is needed" would still be afforded great weight even if the patient did not want the surgery, Dr. Hunter's reports here should also be afforded

2

great weight, even given Plaintiff's repeated cancellations. (Doc. no. 25, p. 3.) Here, however, it is not clear that Dr. Hunter ever "recommended" manipulation in the sense that Plaintiff argues, such that the ALJ should have read Dr. Hunter's reports as standing for the proposition that the procedure was particularly necessary to the functionality of Plaintiff's leg. In other words, Dr. Hunter's simple acquiescence to Plaintiff's request for a procedure is not analogous to, for instance, a cardiologist's *opinion* that bypass surgery is required for a patient to live, to borrow Plaintiff's example (doc. no. 25, p. 3). See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (noting that the *testimony or opinion* of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary) (emphasis added). Accordingly, the ALJ was not required to afford any particular weight to the mere fact that Dr. Hunter scheduled multiple manipulation procedures for Plaintiff – all of which she later cancelled – upon her request, especially in the absence of any accompanying opinion that such a procedure was necessary.[1]

For the above reasons, Plaintiff's objections are without merit and are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore the Commissioner's final decision is **AFFIRMED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the Commissioner.

SO ORDERED this 9th day of May, 2013, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[1] As noted above, the foregoing is further supported by the fact that Plaintiff conspicuously failed to present any argument in her original briefing concerning Dr. Hunter's so-called "opinion" and instead chose to focus on the mere fact that Plaintiff visited Dr. Hunter and was scheduled for manipulation procedures. (See doc. no. 18, p. 20.)

3